IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| SUBRAMANYAM VEDAM, | ) |
| | ) |
| Petitioner, | ) 3:25-CV-00383-SLH |
| | ) |
| vs. | ) STEPHANIE L. HAINES |
| | ) UNITED STATES DISTRICT JUDGE |
| LEONARD ODDO, *Warden of Moshannon Valley Processing Center, et al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| | ) |
| | ) |

**ORDER**

Now pending before the Court is Petitioner Subramanyam Vedam's ("Petitioner") Motion for Temporary Restraining Order ("Motion for a T.R.O.") (ECF No. 2).[1] Petitioner represents that he is currently detained at Moshannon Valley Processing Center ("MVPC") and that he is facing imminent deportation from the United States to India. ECF No. 3, p. 3. Generally speaking, Petitioner alleges that he is facing imminent removal from this country and is not being afforded legal protections due him in light of the fact that he has pending motions with the Bureau of Immigration Appeals ("BIA") to reopen his immigration case and stay his removal.[2] ECF No. 3, p. 3. The Motions with the BIA were filed on October 3, 2025, and have not yet been adjudicated. Petitioner therefore seeks a stay of his removal for the pendency of the BIA proceedings. ECF No. 3, p. 10.

---

[1] An Emergency Petition for Writ of Habeas Corpus (ECF No. 1) was filed on the same date as the Motion for T.R.O., October 29, 2025, and Respondents have not yet responded.
[2] Petitioner applied for relief under former INA § 212(c), which is discretionary relief that is available to certain individuals convicted of offenses prior to 1996. ECF No. 3, p. 3.

1

A short summary of the facts is that Petitioner was convicted for possession with intent to distribute LSD in 1984 and then in 1988 was convicted of murder. After serving 43 years in prison, his murder conviction was vacated and a *nolle prosequi* order was entered ending his criminal proceedings. ECF No. 3, p. 5. Upon release from prison, Petitioner was detained by Immigration and Customs Enforcement ("ICE") and is now being held at MVPC. Petitioner states his commissary account has been turned off at MVPC signaling his potential imminent transfer and/or removal. ECF No. 3, p. 3.

The Court preliminarily finds that the requirements of Rule 65 have been met relative to the request for a T.R.O. *Hope v. Warden York County Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (*Hope II*) (setting forth the four factors for injunctive relief and noting that they apply to both TROs and Preliminary Injunctions). Therefore, in the interest of judicial efficiency and to preserve the status quo, the Court HEREBY ORDERS that Respondents not remove Petitioner from the United States until further order of this Court.

IT IS FURTHER ORDERED that Petitioner shall serve the filings at ECF Nos. 1, 2, and 3 on Respondents as soon as is possible.

IT IS FURTHER ORDERED that Respondents shall file and serve a written response to Petitioner's filings at ECF Nos. 2 and 3 no later than **4:30 PM on November 5, 2025**. Aside from any other arguments Respondents wish to make, they shall specifically address:

A.  The status of Petitioner's immigration case;

B.  Whether jurisdiction exists in this Court under 28 U.S.C. § 1331, 28 U.S.C. § 2241, *Turcios v. Oddo, et.al.*, No. 3:25-cv-83, 2025 WL 1904384 (W.D.Pa. July 10, 2025), or other relevant authority; and,

C. How the overturning of Petitioner's murder conviction impacts his potential removal from the country, if at all.

Petitioner may, but is not required to, file and serve a Reply to any response submitted by Respondents by **4:30 PM on November 7, 2025**. The Court will schedule a hearing on the relevant filings as necessary following receipt of Respondents' response.

IT IS FURTHER ORDERED that Petitioner shall place security in the nominal amount of $1.00 with the Court within seven (7) days of the date of this Order. If presented as cash or check, the funds will be placed in the local Court Registry and will remain there until further order of court.

SO ORDERED and DATED this 30th day of October, 2025.

BY THE COURT:

_____
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE